Joseph H. Harrington
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 19 2019

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:19-CR-0051-TOR-1 |
| vs. | ) PLEA AGREEMENT |
| JACKSON DANIEL BOWERS | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JACKSON DANIEL BOWERS, and the Defendant's counsel, Molly Winston, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, JACKSON DANIEL BOWERS, agrees to enter a plea of guilty to the Information filed on March 19, 2019, charging the Defendant with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

The Defendant understands that this charge is a Class C felony charge and also understands that the maximum statutory penalty for this offense is not more than a 20-year term of incarceration; a fine not to exceed $1,000,000; a term of supervised

PLEA AGREEMENT - 1

release of not less than 3 years up to a life term; denial of certain federal benefits; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2. Waiver of Indictment:

The Defendant is aware of his right to be charged by Indictment with regard to the offense of Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), currently charged by way of an Information. By entering into this Plea Agreement, the Defendant agrees to waive his right to have the charge against him in the Information presented to a Grand Jury.

3. Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

4. The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S.

Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart or vary upward or downward in the exercise of its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

The Defendant also understands that should the sentencing judge decide not to accept the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

5. <u>Waiver of Constitutional Rights</u>:

The Defendant, JACKSON DANIEL BOWERS, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

6. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §

841(a)(1), (b)(1)(C), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about November 21, 2018, in the Eastern District of Washington, the Defendant, JACKSON DANIEL BOWERS, did knowingly and intentionally possess a mixture or substance containing a detectable amount of heroin;
>
> *Second*, the substance was in fact heroin; and
>
> *Third*, the Defendant possessed the substance with the intent to distribute to another person.

7. <u>Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for JACKSON DANIEL BOWERS' guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

On November 21, 2018, the United States Probation Office ("USPO") conducted a search of the Defendant, JACKSON DANIEL BOWERS', residence upon reasonable suspicion the Defendant was in violation of his conditions of supervised release. The USPO received information the Defendant was in possession of controlled substances and firearms at that location. *[handwritten: JB  58.6 CAB MMW]*

During the search, USPO located approximately ~~60~~ 58.6 grams of heroin (confirmed by Washington State Patrol Laboratory), a controlled prescription drug (prescribed to another individual), Suboxone tabs, a large sum of U.S. Currency in the Defendant's bedroom, and 6 firearms.

PLEA AGREEMENT - 4

8. <u>The United States Agrees:</u>

(a). *No New Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement arising out of Defendant's conduct charged in this Information and supervised release violation, unless the Defendant breaches this Plea Agreement before sentencing.

(b). *Recommendation On Supervised Release Violation*:

The United States agrees to recommend a term of incarceration on the Defendant's supervised release violation (2:15-CR-65-WFN-2) run concurrent with the term of incarceration imposed on the drug trafficking case. *See also* Paragraph 10, *infra*.

9. <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. The Defendant also understands that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

(a). *Base Offense Level and Relevant Conduct*:

The United States and the Defendant stipulate and agree to recommend to the Court that the Base Offense Level is 18, as the Defendant possessed with the intent to distribute to others more than 40 grams but less than 60 grams of heroin. *See* U.S.S.G. §2D1.1(a)(5), (c)(11).

(b). *Specific Offense Characteristics*:

The United States and the Defendant agree to recommend to the Court that a 2-level enhancement should be applied because the Defendant possessed a dangerous

PLEA AGREEMENT - 5

weapon. *See* U.S.S.G. §2D1.1(b)(1). The parties agree to recommend no additional specific offense characteristics apply. *See generally* U.S.S.G. §2D1.1(b)(1).

(c). *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(d). *Role Adjustments*:

The United States and Defendant agreement recommend to the Court that no role adjustments apply to this Defendant. *See* U.S.S.G. §3B1 *et seq.*

(e). *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigative Report is completed.

10. Length of Incarceration:

The United States agrees to recommend a term of incarceration at the high-end of the advisory guideline range, to run concurrent with any period of incarceration imposed on the Defendant's supervised release violation. The Defendant is free to recommend any legal sentence.

PLEA AGREEMENT - 6

11. <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

12. <u>Supervised Release</u>:

The United States and the Defendant agree to jointly recommend that the Court impose a 3 year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

> (a). that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and
>
> (b). that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

13. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

15. <u>Administrative Forfeiture</u>:

The Defendant agrees to voluntarily forfeit any and all right, title, and interest, that he has or may have, in any firearms and ammunition seized and taken into custody by the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") on or about November 21, 2018.

The Defendant agrees not to contest the forfeiture of the assets in any administrative forfeiture proceedings initiated against said assets by ATF, and hereby agrees to execute any and all forms, documents, and pleadings necessary to effectuate the administrative forfeiture of any assets seized by ATF in this matter. The Defendant waives notice of ATF's administrative forfeiture action and consents to the disposal of the assets without further notice.

The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, and disposal of any assets included in this plea agreement.

16. <u>Additional Violations of Law Can Void Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17. <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the conviction and sentence if the Court sentences the Defendant to a term of incarceration of no more than 46 months and a term of supervised release of not more than five (5) years. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on the Information be dismissed, set aside,

PLEA AGREEMENT - 8

vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate the Information, and the United States may prosecute the Defendant on all available charges involving or arising from his participation in drug trafficking and possession of firearms. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

18. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
United States Attorney

_____    3/19/19
Caitlin Baunsgard              Date
Assistant U.S. Attorney

PLEA AGREEMENT - 9

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____Jackson Bowers_____　　　_3-19-19_
JACKSON DANIEL BOWERS　　　　　　Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant JACKSON DANIEL BOWERS. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant JACKSON DANIEL BOWERS' decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____[signature]_____　　　_3/19/19_
Molly Winston　　　　　　　　　　　Date
Attorney for the Defendant